REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8470-GW (MRW) | Date | January 29, 2016 |
|---|---|---|---|
| Title | *Parvin Jamali v. J.P. Morgan Chase Co., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None Present | None Present | | |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING MATTER TO STATE COURT**

Plaintiff Parvin Jamali ("Jamali") sues J.P. Morgan Chase Co.[1] ("J.P. Morgan Chase & Co."); J.P. Morgan Chase Bank, N.A. ("J.P. Morgan Chase Bank"); Select Portfolio Servicing, Inc. ("SPS");[2] and Nationwide Credit, Inc. ("Nationwide") for (1) violations of the Homeowners Bill of Rights; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (4) violation of California Civil Code § 2924.12; (5) violation of the Fair Debt Collection Practices Act ("FDCPA"); (6) declaratory relief; and (7) elder abuse. *See generally* Compl., Docket No. 1-1. Defendants J.P. Morgan Chase Bank and Nationwide removed the action to this Court on October 30, 2015, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Notice of Removal, Docket No. 1. Defendant SPS consented to the removal. *See generally* Consent to Removal, Docket No. 1-8.

---

[1] The Notice of Removal indicates that this entity's true name is J.P. Morgan Chase & Co. *See* Notice of Removal at 3:7-8. J.P. Morgan Chase Bank is the wholly owned subsidiary of J.P. Morgan Chase & Co. *Id.* The Court previously indicated that it appeared that Jamali brought this action against *both* J.P. Morgan Chase & Co. *and* J.P. Morgan Chase Bank; the Court requested that if Jamali only intended to bring this action against *one* of these entities, she so indicate by January 22, 2016. *See* Order to Show Cause at 1, n.2, Docket No. 39. Jamali's Response is silent as to this issue, indicating that she has sued *both* J.P. Morgan Chase & Co. *and* J.P. Morgan Chase Bank. *See* Jamali's Response, Docket No. 40.

[2] This entity was erroneously sued as Selective Portfolio Servicing, Inc. *See* Notice of Removal ¶ 3.

:

Initials of Preparer   JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8470-GW (MRW) | Date | January 29, 2016 |
|---|---|---|---|
| Title | *Parvin Jamali v. J.P. Morgan Chase Co., et al.* | | |

On January 18, 2016, this Court issued an order to show cause regarding subject matter jurisdiction. *See* Order to Show Cause, Docket No. 39. Specifically, the Court ordered Jamali to clarify whether her son, Mohsen Loftimoghaddas ("Loftimoghaddas") – who is Jamali's co-obligor with respect to the notes secured by deeds of trust on the subject property – was a party to this action. *Id.* at 1 n.1. In addition, the Court ordered J.P. Morgan Chase Bank, Nationwide, and SPS (collectively, the "Removing Defendants") to indicate (1) J.P. Morgan Chase & Co., Nationwide, and SPS's respective principal places of business, and (2) Loftimoghaddas's citizenship, if he was a party to this action.[3] *Id.* at 1 n.1, 3. The Court cautioned that the failure to cure the jurisdictional deficiencies by January 27, 2016 would result in dismissal. *Id.* at 3.

Although Loftimoghaddas is not presently a party to this action,[4] J.P. Morgan Chase Bank and Nationwide (the "Responding Defendants") have indicated that he is a California citizen for diversity purposes because he resides and owns property in California. *See* J.P. Morgan Chase Bank and Nationwide's Response at 1:10-19, Docket No. 41. The Responding Defendants also indicate that SPS's

---

[3]The Court also noted that the Removing Defendants were limited to correcting their defective allegation of diversity jurisdiction and could not assert a separate basis for removal jurisdiction. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("[A] defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction.'") (quoting 28 U.S.C. § 1653); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988) (indicating that a notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period").

[4]Jamali now asserts that "Loftimoghaddas is a party to the Complaint," *see* Jamali's Response at 4:19, Docket No. 40, but the statements made in her Response betray that conclusion. Although Jamali states that Loftimoghaddas is a necessary party to this action, Jamali apparently commenced this action alone because the two disagreed regarding how this action should be litigated and what claims should be asserted. *See id.* at 1:18-2:16. Jamali states that "[c]ounsel for Mr. Loftimoghaddas wishes to assert [his preferred claims] officially in the Complaint alongside formal notation of Mr. Loftimoghaddas as a plaintiff in this action." *Id.* at 4:14-16. Given the Court's decision to remand this action, whether and how Loftimoghaddas will become a party to this action is for the state court to decide. Accordingly, the Court does not address the arguments made by SPS in its Sur-Reply to Jamali's Response, which pertain to the amendment of the Complaint and the addition of Loftimoghaddas as a party. *See* SPS's Sur-Reply, Docket No. 43.

:

Initials of Preparer   JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8470-GW (MRW) | Date | January 29, 2016 |
|---|---|---|---|
| Title | *Parvin Jamali v. J.P. Morgan Chase Co., et al.* | | |

principal place of business is in Utah.  *Id.* at 2:12-15.  They fail, however, to identify J.P. Morgan Chase & Co.'s principal place of business, instead restating the citizenship of J.P. Morgan Chase Bank, which is a separate and distinct defendant.[5]  *Id.* at 1:2, 1:20-2:5; *see also supra* note 1.

As to Nationwide, the Responding Defendants state that "Nationwide's main office is in Georgia; it was incorporated in Georgia; and, its high level officers principally direct, control and coordinate its activities from Arizona and Georgia," *id.* at 2:6-8, thereby improperly asserting that Nationwide has two principal places of business.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the *place* where a corporation's officers direct, control, and coordinate the corporation's activities." (emphasis added)); *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 (9th Cir. 2009) ("There can be only one 'principal place of business' for diversity purposes, which of course is what the word 'principal' implies.").  The Removing Defendants have thus failed to carry their burden to affirmatively identify Nationwide's single principal place of business, a fatal defect to their assertion of diversity jurisdiction.  *See Health Facilities of Cal. Mut. Ins. Co. v. British Am. Ins. Grp., Ltd.*, No. CV 10-3736 PSG JCGX, 2011 WL 97695, at *4 (C.D. Cal. Jan. 11, 2011) (Plaintiff's failure to carry its burden to identify the single principal place of business of HFC is fatal to its assertion of federal subject matter jurisdiction.").

For the foregoing reasons, the Court hereby REMANDS this action to state court.  The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in the action.

---

[5] The Responding Defendants also fail to explain J.P. Morgan Chase & Co.'s failure to join in or consent to the removal, as the Court previously requested.  *See* Order to Show Cause at 2 n.5, Docket No. 39.

|  | : |
|---|---|
| Initials of Preparer | JG |